UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEMA KEOMIE STRAWTHER,<br><br>Petitioner,<br><br>v.<br><br>D. BAUGHMAN,<br><br>Respondent. | No. 2:18-cv-2755 CKD P<br><br><br><br>ORDER |

Petitioner, a California prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He requests leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

In his petition, petitioner asserts that he has exhausted state court remedies with respect to his first claim, but not his second. Petitioner asks that the court stay this action until exhaustion is

complete. However, petitioner has not made the showing required for the stay of a mixed habeas petition under Rhines v. Weber, 544 U.S. 269 (2005). Therefore, plaintiff's request for a stay will be denied.

Petitioner has two options. Plaintiff's first option is to attempt to obtain a stay under Rhines. To do so, petitioner must show (1) good cause for his failure to previously exhaust state court remedies as to claim 2, and (2) claim 2 is potentially meritorious. Rhines v. Weber, 544 U.S. at 278. Plaintiff's second option is to file an amended petition omitting claim 2; the court would thereafter stay the amended petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) until state court remedies have been exhausted as to all claims. When exhaustion is complete, petitioner would be permitted to seek leave to file a second amended petition which could include claim 2.

Petitioner is informed that if the court stays this action, the court makes no representation as to whether any claim is timely under the applicable statute of limitations, 28 U.S.C. § 2244(d). Issues concerning the statute of limitations will not be addressed unless raised by respondent.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 7) is granted;

2. Petitioner's motion for a stay is denied;

3. Petitioner is granted 30 days within which to renew his motion for a stay under Rhines v. Weber or amend his petition by omitting claim 2. If petitioner amends his petition by omitting claim 2, this action will be stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). Petitioner's failure to avail himself of either option within 30 days will result in a recommendation that his habeas petition be dismissed and this case be closed.

Dated: April 1, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/stra2755.mix